IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIFFANY ALEXANDER            :

                             :

    v.                       :   Civil Action No. DKC 14-2469

                             :

UIP PROPERTY MANAGEMENT      :

                             :

### MEMORANDUM OPINION

Presently pending and ready for resolution in this disability discrimination case is Defendant's motion to dismiss the amended complaint. The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

## I.  Background

In her amended complaint, Plaintiff Tiffany Alexander asserts that Defendant UIP Property Management, Inc. ("UIP" or "Defendant") violated her rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.* Plaintiff, who suffers from hyperthyroidism and Graves' Disease, was employed as an assistant property manager for UIP from January 6, 2011 until her termination on or about December 29, 2012. (ECF No. 12-1 ¶¶ 18-19, 24). Between

October 2012 and her termination, Plaintiff informed her supervisor, Katrina Crews, of her "thyroid issues" that required ongoing medical treatment for the next two to three years. (*Id.* ¶ 29). Plaintiff tried to schedule her appointments on days off from work, but informed her supervisor that she might need to take several hours off from work every few weeks. (*Id.* ¶ 30). Plaintiff's requests for time off for medical appointments in October, November, and December were approved. (*Id.* ¶¶ 32-33).

Plaintiff alleges that on December 29, 2012, Ms. Crews told her that effective December 31, 2012, her position was being eliminated due to budget cuts. The amended complaint alleges:

> 35. That same day, [the supervisor] instructed other individuals present to exit the office where Ms. Alexander was located, leaving [the supervisor] and Ms. Alexander alone.
>
> 36. [The supervisor] then locked the office, barring the only exit from the room.
>
> 37. Ms. Alexander did not consent to be held in a locked office with [the supervisor.]
>
> 38. [The supervisor] then handed Ms. Alexander a Separation Agreement and General Release ("Agreement") in the Columbia Heights location's office.
>
> 39. Ms. Alexander took no part in drafting the Agreement.
>
> 40. [The supervisor] held out a pen and told Ms. Alexander that she had to sign the Agreement to receive a severance payment.

41. Ms. Alexander was not told that she could consult counsel before signing the Agreement and still receive the severance payment.

42. Ms. Alexander was not given any time to read the Agreement. In fact, while she attempted to read the document she had just been given, [the supervisor] distracted Ms. Alexander by explaining to her that she was being terminated due to budget cuts, and that she had to sign the form to get a small severance payment.

43. Plaintiff was not permitted time to consult with an attorney so that she could understand what she was signing.

44. [The supervisor's] oppressive distractions led to Ms. Alexander signing the Agreement without knowingly and voluntarily realizing that she would be waiving any legal claims she had against the Defendant.

45. [The supervisor's] conduct led Ms. Alexander to believe that she had to sign the Agreement.

46. [The supervisor] did not inform Ms. Alexander that she could consult an attorney, after Ms. Alexander signed the document.

47. Defendant's severance payment was insubstantial in comparison to a waiver of all claims by Ms. Alexander.

Several weeks later, Plaintiff learned that her position had not been eliminated, but a new employee had taken her former position. (*Id.* ¶ 48). Plaintiff alleges, on information and belief, that Defendant did not terminate a co-worker who was

also suffering from a disability, but who did not seek an accommodation. (*Id.* ¶ 49).

In the amended complaint, Plaintiff asserts that she was terminated in violation of the ADA because of her disabilities (count I); that Defendant retaliated against her for requesting an accommodation for her disabilities (count II); and that Defendant interfered with her FMLA rights (count III). Defendant has moved to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6), contending that the release Plaintiff signed bars her from pursuing the claims waived. (ECF Nos. 13 & 14). Plaintiff opposed the motion (ECF No. 15), and Defendant replied (ECF No. 16).

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of

a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

In reviewing a motion to dismiss, the court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009). While affirmative defenses may be reached by a motion to dismiss filed under Rule 12(b)(6), such a motion should be granted only in the rare circumstances where facts sufficient to rule on an affirmative defense clearly appear on the face of the complaint. *Goodman v. PraxAir, Inc.,* 494 F.3d 458, 464 (4th Cir.2007) (en banc). Moreover, a movant cannot merely show that the elements of the defense appear on the face of the complaint or in properly considered documents, but must also "show that the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." *Id.* at 466.

## III. Analysis

Although in her amended complaint Plaintiff refers to the Agreement she signed, she did not attach a copy. Defendant, however, has provided a copy as an exhibit to its motion to dismiss, (ECF No. 14-1), contending it is authentic and integral

5

to the complaint, and thus can be considered on a motion to dismiss. Plaintiff counters that the release is invalid because it was executed under duress, and thus disputes its "authenticity."

An affirmative defense, such as release, is not ordinarily considered on a motion to dismiss because the plaintiff is not required to negate it in the complaint. Whether the copy of the Agreement is or is not authentic, Defendant has failed to establish that the affirmative defense that the parties entered into a valid release is apparent on the face of Plaintiff's amended complaint. As noted, even if the elements of the defense appear on the face of the complaint, or in properly considered documents, the movant must also show that any rejoinder to the affirmative defense is foreclosed by the allegations in the complaint. Defendant has not done so here.

To determine whether the release forecloses her claims, the court must examine whether it was signed under duress, or was knowing and voluntary. *Randolph v. Caruso Homes, Inc.*, Civ. Case No. RWT-13-2069, 2014 WL 4661985, at *4-5 (D.Md. Sept. 16, 2014). Unlike the situation in *Randolph*, which was resolved on summary judgment and *not* on a motion to dismiss, the totalities of circumstances are not so clearly established on the current record. As set forth above, the amended complaint alleges that

the Agreement was presented to Plaintiff under a "take it or leave it" scenario, that Plaintiff was locked in a room with her supervisor who distracted her from fully reading and understanding the Agreement, and contrary to Paragraph 12 of the Agreement, Plaintiff purportedly was not advised about her right to consult an attorney before signing the release.  (*See* ECF No. 14-1, at 4; ECF No. 12-1 ¶¶ 41-43).

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be denied.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
